UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-22224-CIV-ALTONAGA/Simonton

**JIMMY MEJIA PERALTA**, *et al.*,

    Plaintiffs,

vs.

**GRECO INTERNATIONAL CORPORATION**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants, Greco International Corporation ("Greco") and George Vergoulias's ("Vergoulias['s]") (collectively, the "Defendants[']") Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion") [ECF No. 33], filed on September 26, 2011. On September 7, 2011, Plaintiffs, Jimmy Mejia Peralta, Miguel Angel Toruno Castillo, Melvin Eleazer Jaime Aragon, Medardo Jose Caballero Diaz, and Eduardo Gaitan (the "Plaintiffs") filed an Amended Complaint [ECF No. 30] pursuant to the Fair Labor Standards Act ("FLSA") against Defendants, alleging Defendants failed to pay Plaintiffs the required minimum and overtime wages between 2008 and 2011. (*See* Am. Compl.). Plaintiffs request double damages and reasonable attorney's fees from Defendants. (*See id.*). In the Motion, Defendants move to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b) and Southern District of Florida Local Rule 7.1. (*See* Mot.). The Court has carefully considered the parties' written submissions and the applicable law.

# I. BACKGROUND[1]

The five Plaintiffs were residents of Miami-Dade County, Florida, at the time this dispute arose. (*See* Am. Compl. ¶ 2). Defendant Greco is a corporation that regularly transacts business within Dade County. (*See id.* ¶ 3). Defendant Vergoulias is a corporate officer and owner of Greco who runs its day-to-day operations. (*See id.* ¶ 4). Vergoulias is responsible for paying Plaintiffs' wages and controlling their "work and schedule." (*Id.*). Plaintiffs worked for Defendants as commercial cleaners. (*See id.* ¶ 9).

Plaintiffs worked for Defendants at various times between 2008 and 2011. (*See id.* ¶¶ 10–14). Plaintiffs contend their work for Defendants "was actually in and/or so closely related to the movement of commerce" that the FLSA applies to each of them. (*Id.* ¶ 15). They assert Greco's gross sales exceeded $500,000 annually between 2008 and 2010, and topped $250,000 through the first six months of 2011. (*See id.* ¶¶ 16–17). Additionally, Plaintiffs claim they each worked an average of 90 hours a week, not including Sundays. (*See id.* ¶¶ 19–23, 26–29). They bring suit as a collective action for recovery of minimum and overtime wages for work performed in excess of 40 hours per week. (*See id.* ¶ 6).

Defendants ask the Court to dismiss Plaintiffs' Amended Complaint (s*ee* Mot. 1), or in the alternative, for a more definite statement because Plaintiffs have not filed written consents and have insufficiently pleaded a proper cause of action. (*See id.* 2). In their Response, Plaintiffs maintain written consent forms are not required by law and minimal pleading requirements unique to the FLSA allow their Amended Complaint to survive the Motion. (*See* Resp. [ECF No. 37]).

---

[1] The allegations in Plaintiffs' Amended Complaint are taken as true.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

## III. ANALYSIS

Defendants move to dismiss Plaintiffs' Amended Complaint on several grounds. First, they aver that Plaintiffs have not filed written consent forms. (*See* Mot. 2). Second, Defendants allege Plaintiffs have pleaded insufficient facts showing they are employed in an enterprise engaged in commerce or the production of goods for commerce. (*See id.* 3). Additionally, Defendants claim Plaintiffs have failed to show that they are similarly situated, a requirement to proceed as a collective action. (*See id.* 5). The Court will address the merits of each of Defendants' arguments seriatim.

### A. Written Consent Forms

"No employee shall be a party plaintiff to any [FLSA] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). An action under the FLSA commences "on the date when the

complaint is filed, if [the plaintiff] is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date . . . ." *Id.* § 256. "Based on this unambiguous provision of the statute . . . in order for a collective, opt-in action brought under the FLSA to commence, each of the plaintiffs (named or opt-in) must file a written consent." *Lago v. Amoa Constr. & Dev. Corp.*, No. 08-20994-CIV, 2008 WL 4540062, at *2 (S.D. Fla. Oct. 10, 2008). The language of sections 216(b) and 256, however, does not require the Court to dismiss a complaint where a written consent has not been filed. *See id.* Instead, the action may proceed on an individual basis. *See id.*

In *Lussi v. Design-Build & Eng'g, Inc.*, No. 09-23446-CIV, 2010 WL 1571158 (S.D. Fla. Apr. 20, 2010), the defendants moved to dismiss plaintiffs' FLSA complaint because the plaintiffs did not file written consents. *See id.* at *1. The plaintiffs responded that consents are not necessary until the court certifies an opt-in class, which had not yet happened. *See id.* The court disagreed with the plaintiffs, noting that the plain language of the statute holds otherwise. *See id.* Moreover, the court noted that "[c]ourts in this district that have considered whether the statutory language requires the named plaintiffs in an opt-in action to file consents have concluded it does." *Id.* (collecting cases). As a result, the court instructed the plaintiffs to either file written consents or proceed individually and not on behalf of others similarly situated. *See id.*

Here, the Plaintiffs have not filed written consent forms indicating they wish to pursue their claims on behalf of other individuals. (*See* Mot. 2). Plaintiffs insist there is no requirement for *named* plaintiffs to file written consents. (*See* Resp. 6). They maintain that such filing requirement is "only triggered by others who join the lawsuit *after* the Court potentially *grants a motion to certify* an opt-in class." (*Id.* 7) (emphasis in original). Notably, however, Plaintiffs do

4

not cite case law to directly support either of these statements. Nor is the Court persuaded by cases they do cite.[2] (*See id.*).

The Court sees no reason to depart from *Lussi* and *Lago*. The statutory language is unambiguous. As a result, Plaintiffs must either file their written consents or must proceed individually and not on behalf of others similarly situated.

### B. Failure to State a Cause of Action

"[I]t is clear from the language of the statute that, for enterprise coverage under the FLSA to apply, the enterprise must be engaged in commerce under the statute *and* must gross over $500,000 annually . . . [b]oth prongs must be met." *Sandoval v. Fla. Paradise Lawn Maint. Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008) (emphasis in original) (citing 29 U.S.C. § 203(s)(1)(A)(i)-(ii)). Defendants do not contest the sufficiency of Plaintiffs' pleading regarding the second prong — that Defendants grossed over $500,000 annually. Thus, the Court need not address this issue. However, Defendants assert the Amended Complaint fails because the interstate commerce prong has been insufficiently pleaded. (*See* Mot. ¶ 8).

Regarding the first prong — that Defendants be engaged in interstate commerce — Plaintiffs' Amended Complaint alleges:

> Defendant's [sic] business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's [sic] business and the Plaintiff's [sic] work for the Defendants affected interstate commerce for the relevant time period. Each Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the goods or materials that Plaintiff [sic] used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to each Plaintiff's use of the same. Each Plaintiff's work for the

---

[2] Two of the cases Plaintiffs rely upon — *Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240 (11th Cir. 2003), and *Allen v. Atl. Richfield Co.*, 724 F.2d 1131 (5th Cir. 1984) — were deemed to be "misplaced" by the court in *Lussi*. *Lussi*, 2010 WL 1571158, at *1.

> Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to each Plaintiff's work for the Defendant [sic].

(Am. Compl. ¶ 15). These allegations are identical to the ones made by the plaintiffs in *Lussi*. *Compare Lussi*, 2010 WL 1571158, at *2, *with* (Am. Compl. ¶ 15). Defendants argue that because the court in *Lussi* rejected this language, the Court should do so now. (*See* Mot. ¶¶ 9–11; Reply ¶¶ 14–15 [ECF No. 38]). Defendants ask this Court to find such allegations insufficient pursuant to Federal Rule of Civil Procedure 8. (*See* Mot. ¶ 7). Plaintiffs, curiously, do not address the court's reasoning in *Lussi*, arguing instead that Defendants "would be in a better position than Plaintiffs to admit or deny" whether the interstate commerce prong is satisfied. (Resp. 5).

Once again, *Lussi* is persuasive. In *Lussi*, the plaintiffs — like Plaintiffs here — claimed the relevant information necessary to support the interstate commerce prong "will most often be in the hands of the defendant." *Lussi*, 2010 WL 1571158, at *2. Nonetheless, the court found the allegations regarding interstate commerce — which are identical to those in this case — were "conclusory and lacking in factual support." *Id.* The Court agrees with the rationale in *Lussi*. The allegations contained in the Amended Complaint do not contain sufficient facts to show that Defendants have engaged in interstate commerce.

Because Plaintiffs' allegations regarding the interstate commerce prong of the enterprise coverage analysis are insufficient, the Amended Complaint is dismissed with leave to amend.

### C. Collective Action

Finally, Defendants contend Plaintiffs fail to show they are similarly situated, a requirement to proceed as a collective action.[3] (*See* Mot. ¶ 13). "The FLSA authorizes collective actions against employers accused of violating the FLSA." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)). "Section 216(b) provides that '[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in [sic] behalf of himself or themselves and other employees similarly situated.'" *Morgan*, 551 F.3d at 1258 (quoting 29 U.S.C. § 216(b)). "[T]o maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated." *Morgan*, 551 F.3d at 1258 (citing *Anderson v. Cagle's*, 488 F.3d 945, 952 (11th Cir. 2007)). The standard by which a court determines whether plaintiffs are similarly situated has been described as "not particularly stringent," "fairly lenient," "flexible," and "not heavy." *Morgan*, 551 F.3d at 1260–61 (internal quotations and citations omitted).

The Eleventh Circuit has not adopted a clear-cut definition of how similar the plaintiffs must be in order for a case to proceed as a collective action. *See Morgan*, 551 F.3d at 1259. Nonetheless, courts have identified several factors relevant to this determination. *See Carrera v. UPS Supply Chain Solutions, Inc.*, No. 10–60263–CIV, 2011 WL 1303151, at *4 (S.D. Fla. Mar. 31, 2011) (citing *Dybach v. Fla. Dept. of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)). These factors include: the plaintiffs' job title, the geographic location where the plaintiffs worked, the time period of the alleged violations, the similarity of the policies and procedures plaintiffs were subjected to, and the similarity of the allegations against the defendants. *See Carrera*, 2011 WL 1303151, at *4 (citing *Dybach*, 942 F.2d at 1567).

---

[3] Defendants acknowledge Plaintiffs have not yet moved for a conditional certification of the collective action, "but in order to proceed under a collective action, Plaintiffs would have to satisfy the Court that there [are] other employees who are similarly situated . . . ." (Mot. n. 3).

Defendants aver that Plaintiffs have not shown they are similarly situated. (*See* Mot. ¶ 13). The Court disagrees. The Amended Complaint contains the following allegations: First, Plaintiffs have alleged they all worked for Defendants as commercial cleaners. (*See* Am. Compl. ¶ 9). Second, they all worked at various times between 2008 and 2011, with four of the five Plaintiffs overlapping in 2009. (*See id.* ¶¶ 10–14). Third, Plaintiffs' wages, work, and schedule were controlled by the same person — Defendant Vergoulias. (*See id.* ¶ 4). Fourth, Plaintiffs allege similar hours worked (an average of 90 hours a week not including Sundays) and similar wages (between $6.66/hour and $9.72/hour, with three Plaintiffs earning $7.00/hour). (*See id.* ¶¶ 19–23). Fifth, each Plaintiff claims Defendants failed to pay the required minimum and overtime wages for work performed in excess of 40 hours per week. (*See id.* ¶ 6). Taking into account all of these allegations, the Court is persuaded that Plaintiffs have adequately pleaded they are similarly situated for purposes of surviving a motion to dismiss. As a result, Plaintiffs' case may proceed as a collective action if the appropriate written consents are filed.[4]

### IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion **[ECF No. 33]** is **GRANTED in part** and **DENIED in part**.

2. The Amended Complaint **[ECF No. 30]** is **DISMISSED with leave to amend**.

3. Plaintiffs must file a second amended complaint on or before **November 9, 2011**.

4. Plaintiffs must file written consents by **November 9, 2011**, or the case will proceed individually.

---

[4] In making this determination, the Court does not express any conclusion as to whether Plaintiffs are similarly situated for purposes of class certification.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of October, 2011.

                                                                                        _____
                                                                                        **CECILIA M. ALTONAGA**
                                                                                        **UNITED STATES DISTRICT JUDGE**

cc:      counsel of record