UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22224-CIV-ALTONAGA/Simonton

JIMMY MEJIA PERALTA, *et al.*,

    Plaintiffs,

vs.

GRECO INTERNATIONAL
CORPORATION, *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court upon Defendants' Motion for Costs ("Motion") [ECF No. 152], filed June 4, 2012. On May 22, 2012, the Court issued a Final Judgment [ECF No. 149] in favor of Defendants and against Plaintiffs. The Final Judgment was premised on five individual Jury Verdicts [ECF Nos. 142, 143, 144, 145, 146] in favor of Defendants on Plaintiffs' claims arising under the Fair Labor Standards Act ("FLSA").[1] Defendants now move for taxation of their bill of costs pursuant to Local Rule 7.3 of the Southern District of Florida and Federal Rule of Civil Procedure 54(d)(1). Plaintiffs filed a Response in Opposition to Defendants' Motion for Costs ("Response") [ECF No. 166] on September 27, 2012, and Defendants filed their Reply . . . ("Reply") [ECF No. 167] on October 4, 2012. The Court has carefully reviewed the parties' written submissions and applicable law.

    **I.    LEGAL STANDARD**

Rule 54 of the Federal Rules of Civil Procedure ("Rule 54") provides, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees —

---

[1] One Plaintiff, Jimmy Mejia Peralta ("Peralta"), prevailed on Defendants' counterclaim. (*See* Jury Verdict as to Jimmy Mejia Peralta).

should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Rule 54 "creates a presumption in favor of awarding costs to the prevailing party . . . ." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). An item is taxable as a cost under Rule 54(d) if it is enumerated in 28 U.S.C. section 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437–38 (1987). Under section 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

*Id.* § 1920. Local Rule 7.3(c) sets forth procedural requirements a party must follow in moving for costs under section 1920.

"When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citations omitted).

## II. ANALYSIS

Defendants seek costs for (1) court reporters; (2) translators; and (3) document reproduction. (*See generally* Mot.). Defendants furnish supporting documentation with the Motion. (*See* Slip List By Expense ("Slip List") [ECF No. 152-2]; Bill of Costs Summary ("Bill") [ECF No. 152-3]; and Correoso Aff. [ECF No. 152-4]). Each category of costs sought is addressed by a provision of section 1920, and Defendants asserts each item was necessarily obtained for use in the case. Defendants therefore have established a *prima facie* case creating a presumption in their favor as the prevailing parties. *See Manor Healthcare*, 929 F.2d at 639.

Plaintiffs assert various reasons why specific costs are not taxable in this case. The Court addresses each category of costs in turn.

### A. Court Reporter Costs

Plaintiffs first take issue with Defendants' asserted court reporter costs. Plaintiffs note that they "ha[ve] not seen any of the receipts for said court reporter costs and [are] therefore unaware how said costs are calculated." (Resp. 2). Plaintiffs speculate that "if Defendants expedited the transcript costs, Plaintiffs should not be responsible for any fees associated with said expedited order." (*Id.*). Plaintiffs further contend that "copies or mini transcripts or ASCII disks . . . [or various] additional fees [] are not recoverable under 28 U.S.C. [sic] 192 [sic]." (*Id.*). Plaintiffs also specifically contest the $156.00 court reporter fee for the transcript from the deposition of Fernando Navia ("Navia") (*see* Bill 2) as this deposition was ordered "as a sanction against Defendants . . . ." (*Id.* 3).

Defendants respond thusly. Defendants first contend they made "several attempts" to "provid[e] opposing counsel with all the receipts for the costs asserted." (Repl. 2). Defendants also point out that "[t]he parties have agreed to adjust the costs for the court reporter on October

5, 2011 and October 6, 2011 to remove charges for condensed transcripts, processing and handling fee and shipping, in the amount of $85.29 for October 5, 2011 and $95.70 for October 6, 2011." (Repl. 2 (footnote call number omitted)). Defendants advise that

> "[u]pon review of the Summary of the Bill of Costs and corresponding receipts, it came to [] counsel's attention that there was a scriveners [sic] error in the court reporter charges incurred on October 6, 2011. Instead of $1405.85, the costs were listed at $405.85. The Revised Bill of Costs Summary has been adjusted to reflect the correct charges.

(*Id.* 2 n.1; *see* Revised Bill of Costs Summary ("Revised Bill") [ECF No. 167-1]). Finally, with respect to the Navia deposition costs, Defendants assert that although the "Court ordered [] Defendants [to] pay the appearance fee of the court reporter . . . the cost for the transcript . . . should be recoverable." (Repl. 2). Notably, however, Defendants provide no further explanation for this last proposition.

Defendants are entitled to be compensated for all of the court reporter costs contained in their Revised Bill with the exception of the cost for the Navia deposition. Defendants' Motion is supported by a Slip List, which itemizes Defendants' court reporter costs, in addition to a Bill of Costs Summary and a sworn affidavit from Defendants' counsel. These documents provide sufficient detail demonstrating the court reporter costs were necessarily obtained, and are therefore taxable. Additionally, the Revised Bill, which appropriately subtracts various costs from the original Bill in accordance with Plaintiffs' objections, further demonstrates the same.[2] Defendants are accordingly entitled to be compensated on the court reporter costs outlined in the Revised Bill.

The Court will not, however, tax Plaintiffs for the Navia deposition transcript fee. "In the exercise of sound discretion, the Court has great latitude to ascertain which costs are taxable." *Jackson v. Grupo Indus. Hotelero, S.A.*, No. 07-22046-CIV, 2010 WL 750301, at *5 (S.D. Fla.

---

[2] The Revised Bill is also supported by a sworn affidavit [ECF No. 167-2] from Defendants' counsel.

4

Mar. 3, 2010) (citing *EEOC v. W & O, Inc.,* 213 F.3d 600, 619–20 (11th Cir. 2000)). Defendants willingly admit that the Navia deposition was imposed as a court-ordered sanction, and do not dispute that they were required by the Court to pay the appearance fee for the court reporter. And yet, Defendants suggest, without a scintilla of argumentation, that the transcript fee for the very same event should be recoverable. Just as Defendants lack an explanation for this distinction, so, too, does the Court. The Court thus approves all of the court reporter costs in Defendants' Revised Bill, with the exception of the $156.00 fee for the transcript of the Navia deposition.

**B.       Translator Costs**

Plaintiffs next take issue with Defendants' asserted translation costs. There are two sub-categories of translation costs: those for exhibits and those for trial. Plaintiffs first argue the exhibit translation costs should not be taxed because "Defendants have not identified what exhibits required translation or how said exhibits were necessary for trial." (Resp. 3). Plaintiffs further note that "the Court had struck several of Defendants [sic] exhibits on hearsay grounds as [a particular] witness was available to testify at trial." (*Id.*). Plaintiffs object to Defendants' trial translation costs to the extent Defendants seek recovery from Peralta, "as he prevailed in defending the counterclaim against him." (*Id.*).

Defendants respond that the exhibit translation costs are taxable because they derive from the translation of various handwritten time sheets which were introduced and used at trial. Defendants also highlight that "the costs of translating a two-page statement by Leo Caraballat, which the Court ruled at the calendar call, [sic] was hearsay and was not introduced at trial," (Repl. 2) are no longer being sought — and Defendants' Revised Bill indeed reflects this change. With respect to trial translation costs, Defendants agree that Peralta prevailed on his

counterclaim, but dispute that this is sufficient to preclude Defendants' recovery of costs given that "[the] counterclaim was a very minor portion of the five day trial that did not exceed more than five minutes of testimony, and would not be considered 'a significant claim' to entitle Mr. Peralta to be considered as a prevailing party." (Repl. 3 (citing *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989)).

Defendants are entitled to be compensated for all translation costs listed in the Revised Bill. Defendants' explanation of the exhibit translation costs, in addition to the cost modification made in light of Plaintiffs' objections, establish that the exhibit translation costs were necessarily obtained. As it relates to Defendants' request to tax trial translation costs against Peralta, the Court finds that Peralta's successful defense on a minor counterclaim does not preclude Defendants' recovery. District courts possess ample discretion in awarding costs in the pursuit of equity, *see Royal Surplus Lines Ins. Co. v. Coachmen Indus., Inc.*, 229 F.R.D. 695, 697 (M.D. Fla. 2005), and this discretion includes the ability to make a determination as to whether one party's failure to succeed on a counterclaim should bar that party's ability to recover costs as a prevailing party, *see Lacovara v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 102 F.R.D. 959, 961 (E.D. Pa. 1984). Where, as here, "only a very small fraction of the five day trial was spent on the proof and defense of [a] counterclaim," while Defendants "successfully defended against [Plaintiffs'] much larger claim for damages," Defendants' failure to "succeed on [their] counterclaim" should not bar Defendants' entitlement to fees as the prevailing party. *Lacovara*, 102 F.R.D. at 961; *see, e.g., Scientific Holding Co., Ltd. v. Plessey Inc.*, 510 F.2d 15, 28 (2d Cir. 1974) ("District courts have held that a defendant who successfully fends off a large claim may be awarded costs despite failure to prevail on a counterclaim.") (citations omitted). For the foregoing reasons, the translation costs contained in Defendants' Revised Bill are taxable.

### C.     Copy Costs

Plaintiffs object to Defendants' asserted copy costs because "Defendants have not identified the purpose behind any of the[] copies," while "[a] majority of the documents copied . . . were for documents that provided absolutely no information and were never used in th[e] case." (Resp. 4). Plaintiffs highlight, as an example, the "thousands of pages of GPS records that stated absolutely nothing and had no use during the case or at trial." (*Id.*). Plaintiffs furthermore object to the charge of 25 cents per page, which they argue is excessive, and therefore beyond the bounds of 28 U.S.C. section 1920.

In response, Defendants first assert that the copy costs Plaintiffs object to were necessarily obtained because they are for printing initial disclosures and copying the various exhibits for trial. "These copies include the GPS records of the [sic] each of the five Plaintiffs showing the times they were on the truck each day and the hours they actually worked, and copies of the time sheets and paychecks for each of the five Plaintiffs," all of which "were relevant and used at trial." (Repl. 3). Defendants further highlight that "Plaintiffs requested [] Defendants make a copy of the trial exhibits for them for trial, which Defendants did as a courtesy, and at no time prior did Plaintiffs object to the costs of same." (*Id.*). With respect to Plaintiffs' excessive cost objection, "Defendants have agreed to reduce the cost of the first set of copies listed on December 5, 2011 to .10 per copy [sic] reflected on the Revised Bill of Costs." (*Id.*). And "[a]ll of the remaining copies were charged at a rate" between .10 to .12 cents per copy, which Defendants assert to be a reasonable cost. (*Id.*).

Defendants are entitled to be compensated for their copy costs. Defendants have sufficiently explained the purpose of the copies made in order to demonstrate that they were necessarily obtained, while the price of 12 cents or less per copy contained in the Revised Bill is

7

well within what other courts in this Circuit have found to be reasonable. *See, e.g., Jackson*, 2010 WL 750301, at *8 ("The requested 20 cents per page is excessive and should be reduced to 15 cents per page . . . ."). As such, "[t]he undersigned disagrees with [Plaintiffs' arguments] and finds that the fees associated with the reduced requested fees for exemplification and the costs of making copies of any materials were necessarily obtained for use in the case and [that Defendants are] entitled to recover these costs." *Id.* The copy costs contained in Defendants' Revised Bill are approved.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendants' Motion [**ECF No. 152**] is **GRANTED in part and DENIED in part**. All of the costs set forth in Defendants' Revised Bill of Costs [**ECF No. 167-1**]**,** except for the $156.00 court reporter fee for the transcript from the Fernando Navia deposition, are approved. The award shall issue by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of October, 2012.

_____
**CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE**

cc: counsel of record